UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAYSALEE LEBRON,

     Plaintiff,

v.                           Case No.:  2:21-cv-650-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER[1]

     Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R") (Doc. 22).  Judge Mizell recommends denying Social Security benefits to Plaintiff Jaysalee Lebron.  Plaintiff objects to the R&R (Doc. 23).  Defendant Commissioner of Social Security has not responded, and the time to do so has expired.  The R&R is thus ripe for review.

     When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When objections are made to a report and recommendation, the district court

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

engages in a de novo review of the issues raised.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

After a careful and independent review, the Court overrules the objections and adopts the R&R in full.  Although the undersigned agrees with the well-reasoned R&R, it offers this added analysis on Plaintiff's objections.

To start, the ALJ found Plaintiff not to be disabled after using the familiar five-step sequential evaluation process.  (Doc. 15-2 at 14-28).  Steps three and four are at issue.

At step three, the ALJ found that none of Plaintiff's impairments (posttraumatic stress disorder, intermittent explosive disorder, bipolar I disorder, cannabis use disorder, and dextroscoliosis of the lumbar spine) met or medically equaled the severity of a listed impairment.  Because of this finding, the ALJ next had to decide Plaintiff's residual functional capacity ("RFC"), which is her ability to do physical and mental work activities on a sustained basis despite her impairments' limitations.  On this front, the ALJ determined Plaintiff could perform light work as defined in the regulations with these added limitations:

> occasionally climb ladders and scaffolds; occasionally stoop; occasional exposure to unprotected heights; able to understand, remember, and carry out simple, repetitive, reasoning level 1-2 tasks; no interaction with the general public; and only occasional interaction with coworkers and supervisors; in a routine work setting that has only occasional changes in the routine; and no work in an assembly line or conveyor belt.

(Doc. 15-2 at 17).  Finally, the ALJ concluded Plaintiff could perform three light duty jobs—collator, housekeeper, and routing clerk—that exist in significant numbers in the national economy.  (Doc. 15-2 at 28).  Against this background, the Court turns to the objections.

Plaintiff first argues the ALJ erred in evaluating the medical opinion of Theresa Bazacos, Ph.D., a consultative psychologist.[2]  Pertinent to Plaintiff's objection, Dr. Bazacos found Plaintiff to have marked limitations in responding appropriately to usual work situations and to changes in a work setting. Although the ALJ credited Dr. Bazacos' opinion on the limitations, Plaintiff argues he "made no accommodation in the RFC for her limited ability to change or to respond appropriately." (Doc. 23 at 2 (citing Doc. 15-2 at 26)).  Nor did he explain why he relied on only parts of Dr. Bazacos' opinion in determining the RFC.  (Doc. 23 at 2-3).  The Court disagrees for two reasons.

First, the ALJ had the "final responsibility" to decide Plaintiff's RFC— not Dr. Bazacos.  20 C.F.R. § 404.1527.  Under the law, the ALJ needed to consider Dr. Bazacos' persuasive opinions on Plaintiff's marked limitations and nothing more.  Physicians don't decide a claimant's RFC.  *See Beegle v. Soc. Sec. Admin., Com'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's

---

[2] Plaintiff also says the ALJ erred in evaluating Jeanne Jagodzinski's medical opinion.  But there is no explanation accompanying this objection.  (Doc. 23 at 2).  In fact, Plaintiff only mentions Jagodzinski once in passing.  Any argument on Jagodzinski is thus waived, and the Court addresses Dr. Bazacos only.

residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive.").

Second, and more important, the ALJ considered Plaintiff's limitation on responding appropriately to usual work situations and changes in a work setting in determining the RFC. He found that Plaintiff could not interact with the public, only sometimes interact with coworkers and supervisors, and work "in a routine work setting that has only occasional changes in the routine." (Doc. 15-2 at 17). The Court thus overrules Plaintiff's first objection.

Plaintiff's second objection fares no better. She argues the Court should find substantial evidence supports her meeting the mental health listing level criteria under 12.06.[3] (Doc. 23 at 4). According to Plaintiff, the ALJ erred by finding Dr. Bazacos' and Jagodzinski's opinions on her marked limitations to be persuasive but ignoring them when deciding her mental functioning didn't satisfy paragraph B of listing 12.06.[4]

---

[3] Plaintiff also asserts her severe impairments meet listings 12.04, 12.08, and 12.15. (Doc. 23 at 4). But, to Judge Mizell, Plaintiff made no argument about listing 12.15 and made only perfunctory claims about listings 12.04(A) and 12.08(B). (Doc. 22 at 16). Judge Mizell thus found she abandoned or forfeited those challenges and analyzed only listing 12.06. (Doc. 22 at 16). Plaintiff makes no objection to him having done so. So only listing 12.06 is at issue.

[4] Listing 12.06 disorders "are characterized by excessive anxiety, worry, apprehension, and fear, or by avoidance of feelings, thoughts, activities, objects, places, or people." 20 C.F.R. § 404, Subpt. P, App. 1, listing 12.06. To meet listing 12.06, a claimant may show the criteria of paragraph B, which requires extreme limitation of one, or marked limitation of two, of the four domains of mental functioning. *Id.* The ALJ found Plaintiff had only moderate limitations in any paragraph B area. (Doc. 15-2 at 15-16).

Plaintiff's objection asks the Court to do something that it cannot—decide the facts anew, make credibility determinations, and reweigh the evidence. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). This Court's review of the ALJ's decision is limited to deciding whether substantial evidence supports it and whether it was based on proper legal standards. Both requirements are satisfied here. The ALJ made specific findings on listing 12.06 based on evidence that the R&R aptly summarizes. (Doc. 15-2 at 15-17; Doc. 22 at 19-20). As to Plaintiff's ability to interact with others, for example, the ALJ said,

> Dr. Bazacos found that the claimant had intact adequate social skills and unremarkable speech despite diagnosing the claimant with intermittent explosive disorder, which the undersigned finds warrants a moderate limitation in this area. Ms. Jagodzinski generally found that the claimant had fair judgment, good eye contact, and typically essentially normal speech, although she found that the claimant, at least occasionally, reported some difficulties with social interactions, as below.

(Doc. 15-2 at 16).

As to adapting or managing herself, the ALJ further said:

> Dr. Bazacos found that the claimant reported that she reads, practices cognitive therapy, and self-improvement, activities that require at least some adaptation and managing oneself. She also found that the claimant had adequate judgment, adequate insight, and other findings generally consistent with no more than a moderate limitation in this area. Ms. Jagodzinski generally found that the claimant had fair judgment, fair insight, and no significant objective findings indicating more than a moderate limitation in this area[.]

(Doc. 15-2 at 17).  At bottom, Plaintiff's objections do nothing but hope the Court will disagree with the ALJ and Judge Mizell and give her a different outcome.  The Court declines to step outside its authority to do so.  Plaintiff's second objection is thus overruled.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 22) is **ACCEPTED and ADOPTED**, and the findings incorporated herein.

2. Plaintiff's Objection to Magistrate Judges' Report and Recommendations (Doc. 23) are **OVERRULED**.

3. The Commissioner of Social Security's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment, deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 26, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record